# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS MCELROY, an individual, AND BRYAN FLORES, an individual<br>    *Plaintiffs,*<br><br>            v.<br><br>COURTNEY AJINCA EVENTS, LLC, a North Carolina limited liability company and COURTNEY AJINCA an individual<br>    *Defendants.* | Case No.: 1:19-cv-05094-SDG<br>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), on March 23, 2020 at 3:00 p.m. via video conference, the following parties to this action met and conferred on the topics outlined in this report and discovery plan:

- Marcy L. Sperry, Esq., counsel for Plaintiffs Nicholas McElroy and Bryan Flores.
- Melissa F. Castro, Esq., counsel for Plaintiffs Nicholas McElroy and Bryan Flores.
- James Barnes, Esq., counsel for Defendants Courtney Ajinca Events ("CAE") and Courtney Ajinca.

1. <u>Nature of Claims, Counterclaims, and Defenses</u>. On or about July 24,

2019, Ajinca through CAE hired McElroy to photograph the engagement of Cynthia Bailey, a star of the Real Housewives of Atlanta ("RHOA"), to Mike Hill ("Hill"), which took place at the Bailey Wine Cellar in Atlanta, Georgia on July 26, 2019 (the "Engagement"). McElroy brought Flores to assist with photographing the Engagement. At the Engagement, McElroy and Flores took multiple photographs of the event and nine (9) of those photographs are at issue in this case (the "Photographs"). The parties did not enter into any written contract, written license agreement, or written assignment agreement regarding the Photographs. Plaintiffs contend that they provided the Photographs to Ajinca for the sole purpose of Ajinca's and CAE's social media use. Plaintiffs further contend that they never consented to or authorized the use of the Photographs beyond that purpose. Finally, Plaintiffs claim that Defendants committed copyright infringement by distributing to news and media outlets the Photographs without Plaintiffs' authorization.

Defendants deny Plaintiffs' copyright infringement claim and assert that they had a license to use and distribute the Photographs to news and media outlets.

Defendants also allege a number of counterclaims, specifically, that the Plaintiffs tortiously interfered with the Defendants' business relationships, that Plaintiffs breached their contract with the Defendants, and that Plaintiffs committed libel and slander against the Defendants.

Plaintiffs deny Defendants' counterclaims and allege that they did not act improperly and did not intend to interfere with any of the Defendants' business relationships, that Defendants first breached the contract by distributing the copyrighted photographs without authorization, that the parties' prior course of dealing with the Plaintiffs established the Defendants' intent to limit the use of the Photographs to Defendants' social media only, and that Plaintiffs statements to the news and media outlets about Defendants were not libelous or slanderous because they were true.

2. <u>Initial Discovery Disclosures</u>. The parties agree to exchange the initial disclosures and discovery documents required under Federal Rule of Civil Procedure 26(a)(1) by April 15, 2020.

3. <u>Anticipated Discovery</u>. The parties jointly propose to the Court discovery on the following topics:

Plaintiffs anticipate to conduct discovery on all matters relating to their copyright infringement claims, including, but not limited to, the previous agreement between McElroy and Defendants (the "Frost Agreement"), the oral agreement in question between McElroy and Defendants relating to the Photographs (the "Engagement Photographs Agreement"), Defendants' distribution of the Photographs to the media, and any and all counterclaims asserted by the Defendants.

Defendants anticipate to conduct discovery on all matters relating to the defense of Plaintiffs' copyright claims, as well as Defendants' respective counterclaims related to declaratory judgment as to the terms of license to the Photographs, the interference with business relations by Plaintiffs Plaintiff McElroy's breach of contract, and the defamatory statements made by Plaintiffs.

4.  <u>Discovery Limits</u>. Unless altered by subsequent agreement of the parties or court order, the parties agree that each party shall be limited to:

- A maximum of 30 requests for production of documents
- A maximum of ten depositions (excluding expert witnesses), with each deposition limited to no more than seven hours.
- A maximum of 25 interrogatories (including subparts).
- A maximum of 30 requests for admissions

5.  <u>Discovery Schedule</u>. The parties jointly propose the following discovery deadlines and limits:

(a) The parties shall serve their:

(i) interrogatories under FRCP 33 by June 15, 2020. Objections and responses are due by July 15, 2020.

(ii) requests for production of documents under FRCP 34 by June 15, 2020. Objections and responses are due by July 15, 2020.

(iii) requests for admissions under FRCP 36 by June 15, 2020. Objections and responses are due by July 15, 2020.

(b) The parties shall produce all responsive, nonprivileged documents by June 15, 2020.

(c) The parties shall serve their notices of deposition on any other party under FRCP 30 by June 15, 2020.

(d) The parties shall serve subpoenas seeking third party documents and/or depositions by June 15, 2020.

(e) Depositions of the parties shall begin after May 1, 2020 at mutually convenient dates and times. A party may conduct a nonparty deposition beforehand at a mutually convenient date, time, and place.

(f) The parties shall complete all fact depositions by July 15, 2020.

(g) The parties shall complete all supplements to discovery under FRCP 26(e) by July 29, 2020.

(h) The parties shall complete all fact discovery by July 15, 2020.

6. <u>Treatment of Electronically Stored Information</u>. The parties have discussed the sources and scope of electronically stored information (ESI) and have reached the following agreements:

- The parties agree that, upon request by a producing party, the parties shall

meet-and-confer in good faith to identify appropriately narrow search terms, date limitations, and other helpful production parameters.

- The parties have discussed the format for the production of ESI, method of production, and the inclusion or exclusion of metadata and have agreed that electronically stored documents and e-mails shall be produced, whenever possible, in a format compatible with one of the following programs: Microsoft Office (Word, Excel, Powerpoint, Outlook), Access, and Adobe. Pictures and photographs should be produced both in the same format as originally presented to the other party and in the images native format (RAW, TIFF, or JPEG) with all original metadata intact. Other graphics shall be produced in one of the following formats: PDF, GIF, JPEG, or TIFF.

- The parties agree that the method of production shall be in native file format of the information, when it complies with the format mentioned above, which may be delivered by disk, secure sharefile folder, or USB drive. For those ESI materials not initially provided in their native file format, the parties have agreed to provide such ESI in its native file format upon request.

- Plaintiffs offer to use their counsel's secure Clio discovery sharing portal for the exchange of discovery documents.

7. <u>Privilege Claims</u>. The parties recognize that in the course of litigation they

may disclose content that is privileged or otherwise protected from disclosure, such as attorney work product. The parties may submit a Stipulated Protective Order to govern the production of documents containing information that is Personal Information Confidential, Confidential, and/or Highly Confidential/Attorney's Eyes Only.

8. <u>Modification</u>. This agreement may be modified by an agreement signed by the parties or by the Court for good cause shown.

Dated: April 10, 2020

Atlanta, Georgia
Respectfully submitted,                                    Respectfully submitted,

By: *Marcy L. Sperry*                                      By: *Jeffrey M. Barnes*
Marcy L. Sperry, Esq.                                      Jeffrey M. Barnes, Esq.
Georgia Bar No. 455561                                     Georgia Bar No. 142586
Melissa F. Castro, Esq.                                    Barnes Firm, LLP
Georgia Bar No. 384781                                     3280 Peachtree Rd, NE, 7th Floor
Sperry Law dba Vivid IP                                    Atlanta, Georgia 30305
3017 Bolling Way, NE                                       (404) 236-5000
Atlanta, Georgia 30305                                     jeff@barnesattorneys.com
(404) 474-1600
marcy@vividip.com                                          *Attorney for Defendants*
melissa@vividip.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

### ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS MCELROY, an individual, AND BRYAN FLORES, an individual<br><br>*Plaintiffs,*<br><br>v.<br><br>COURTNEY AJINCA EVENTS, LLC, a North Carolina limited liability company and COURTNEY AJINCA an individual<br><br>*Defendants.* | Case No.: 1:19-cv-05094-SDG<br>JOINT RULE 26(f) REPORT AND DISCOVERY PLAN |

### SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

SO ORDERED, this _____ day of _____, 2020. _

_____
Hon. Steven D. Grimberg
United States District Judge